**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EURO WALL SYSTEMS, LLC**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Case No. 14 C 4621 |
| | ) |
| **REFLECTION WINDOW COMPANY, LLC** | ) |
| d/b/a **REFLECTION WINDOW & WALL,** | ) |
| **LLC**, an Illinois Corporation, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On June 24 this Court issued a brief memorandum order ("Order") that brought to the

attention of defense counsel -- the attorneys for what the case caption describes as "Reflection

Window Company, LLC d/b/a Reflection Window & Wall, LLC"[1] -- their noncompliance with

this District Court's LR 5.2(f), which requires the delivery of a paper copy of all pleadings for the

assigned judge's use within one business day after filing. That brief Order concluded by ordering

counsel to deliver the missing copies of all pleadings to this Court's chambers forthwith,

accompanied by a $100 check payable to the Clerk of the District Court, and counsel has just

complied with that directive.

That however has been a minor digression, totally overshadowed by the astonishing

fundamental flaws involved in the attempted transfer of the case via removal to this District

---

[1] That puzzling use of "d/b/a" is traceable to the fact that the underlying lawsuit that is
the subject of the purported removal now at issue before this Court characterizes the second
name as an "assumed name," so that it is not at all clear that there is actually a formal entity
organized under that name. Both for that reason and as a matter of convenience, this opinion
will employ the shorthand name "Reflection," treated as a singular rather than a plural noun.

Court.  And on that score the term "flaws" is properly plural, as may not be the case with the subject referred to in n.1.

To begin with, just how defense counsel purports to move a <u>Florida</u> state court action (here the underlying lawsuit is Case No. 14-001121-CA in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida) to this District Court for the Northern District of <u>Illinois</u> is a total mystery.  Under the removal statute, 28 U.S.C. 1446(a), the removal must be "to the district court of the United States for the district and division within which such action is pending."  Although that has been held to be a procedural defect that does not deprive the improper District Court of subject matter jurisdiction (see <u>Peterson v. BMI Refractories</u>, 124 F.3d 1386, 1388, 1394 (11th Cir. 1997)[2] and 16 Moore's Federal Practice § 107.13 (3d ed. 2014)), that distortion of the fundamental principles of removal is really inexcusable.

But even more significantly, the attempted removal presents a truly subject matter jurisdictional (and hence fatal) defect.  Just as in the underlying state court Complaint, Reflection's only allegations as to the limited liability companies on both sides of the "v." sign are the jurisdictional irrelevancies of their respective places of incorporation and principal places of business.  Those allegations ignore just a month short of 16 years of repeated teaching from our Court of Appeals (see, e.g., <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by <u>White Pearl Inversiones S.A. v. Cemusa, Inc.</u>,

_____

[2] <u>Peterson</u> involved a case that had been removed to a district court in Alabama sitting in a federal district different from the federal district that included the situs where the underlying Alabama state court action had been filed.  Although the Eleventh Circuit cited older caselaw that considered such an erroneous removal as a procedural violation relating to venue rather than jurisdiction, to treat that error as not affecting subject matter jurisdiction is obviously very different from permitting the kind of quantum leap that defense counsel has attempted here.  Nonetheless this opinion treats this Court as having jurisdiction to address the issue of its federal subject matter jurisdiction -- or, more accurately, the lack of it.

647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there).  And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)).  There is really no excuse for counsel's lack of knowledge of such a firmly established principle after the repetition for more than 1-1/2 decades by our Court of Appeals and others.

Even apart from the Peterson discussion and holding that treated the issue as involving venue rather than subject matter jurisdiction, this Court surely has enough jurisdiction to hold that federal subject matter jurisdiction is patently absent for the reasons stated earlier in this opinion.  In sum, this action is dismissed for lack of jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date:   June 27, 2014